**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4174**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

JOHN D. VILLANUEVA,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, District Judge.  (1:08-cr-00244-LO-2)

———————

Submitted:  December 30, 2010       Decided:  February 11, 2011

———————

Before NIEMEYER, SHEDD, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Philip Urofsky, Bryan Dayton, SHEARMAN & STERLING, LLP, Washington, D.C., for Appellant. Neil H. MacBride, United States Attorney, David B. Goodhand, Jack Hanly, Assistant United States Attorneys, Justin W. Williams, UNITED STATES ATTORNEY'S OFFICE, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted John D. Villanueva of conspiracy to participate as a government employee in a transaction in which he knew he had a financial interest, in violation of 18 U.S.C. § 208 (2006), and aiding and abetting participation as a government employee in a transaction in which he knew he had a financial interest, in violation of 18 U.S.C. §§ 2, 208 (2006). The district court sentenced Villanueva to six months of imprisonment on each count to run concurrently and he now appeals. For the reasons that follow, we affirm.

Villanueva first argues that there was insufficient evidence to support the convictions. We review a district court's decision to deny a Rule 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted).

Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

Section 208(a) provides that

> [W]hoever, being an officer or employee of the executive branch of the United States Government, . . . participates personally and substantially as a Government officer or employee, through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or otherwise, in a . . . contract . . . which, to his knowledge, he [or] his spouse . . . has a financial interest—
>
> Shall be subject to the penalties set forth in section 216 of this title.

18 U.S.C. § 208(a). "[L]iability for conflict of interest may be founded on a variety of acts leading up to the formation of a contract even if those acts are not specifically mentioned in the text of section 208(a)." United States v. Selby, 557 F.3d 968, 972-73 (9th Cir. 2009) (citation omitted). We have thoroughly reviewed the record and conclude that the Government introduced sufficient evidence from which the jury could conclude that Villanueva was guilty of the charged offenses.

Villanueva next argues that statements the Government made during opening and closing arguments amounted to

3

prosecutorial misconduct. As Villanueva failed to object to the prosecutor's comments before the district court, we review this issue for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Therefore, Villanueva must demonstrate that there was error, that was plain, and that affected his substantial rights. Olano, 507 U.S. at 732. Moreover, even if Villanueva demonstrates plain error occurred, this court will not exercise discretion to correct the error "unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

To succeed on a claim of prosecutorial misconduct, Villanueva must show that the prosecutor's remarks were improper and that they "prejudicially affected his substantial rights so as to deprive him of a fair trial." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002). "In reviewing a claim of prosecutorial misconduct, we review the claim to determine whether the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." Id. (internal quotation marks and citation omitted). In making this determination, we will consider

> (1) the degree to which the prosecutor's remarks had a tendency to mislead the jury and to prejudice the defendant; (2) whether the remarks were isolated or

4

extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the defendant; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury.

Id. at 186 (citation omitted). With these principles in mind, we have reviewed the record and conclude that Villanueva has failed to demonstrate that the prosecutor's comments resulted in prejudice.

Finally, Villanueva argues that the district court erred in refusing his proposed jury instruction on Fed. R. Evid. 404(b). "'The decision to give or not to give a jury instruction is reviewed for an abuse of discretion.'" United States v. Hurwitz, 459 F.3d 463, 474 (4th Cir. 2006) (quoting United States v. Moye, 454 F.3d 390, 398 (4th Cir. 2006) (en banc)). "'We review a jury instruction to determine whether, taken as a whole, the instruction fairly states the controlling law.'" Id. (quoting Moye, 454 F.3d at 398). If we determine that the district court erred in refusing an instruction, such error "warrant[s] reversal of the conviction only if the error is prejudicial based on a review of the record as a whole." Moye, 454 F.3d at 399 (internal quotation marks and citation omitted).

5

Rule 404(b) prohibits the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, the rule does not apply to evidence of acts intrinsic to the crime charged. United States v. Chin, 83 F.3d 83, 87 (4th Cir. 1996). "Other criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." Id. at 88 (internal quotation marks and citation omitted). This court has also recently recognized that "[e]vidence is inextricably intertwined with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." United States v. Wilson, 624 F.3d 640, 652 (4th Cir. 2010) (internal quotation marks and citation omitted).

Here, the district court refused Villanueva's proposed instruction, finding that the evidence at issue was intrinsic to the crimes charged. Having reviewed the controlling legal standards, we conclude that the district court did not err in determining that the evidence was inextricably intertwined with the charged offenses. Therefore, the district court did not

abuse its discretion in denying Villanueva's request for a jury instruction.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7